J. S10028/17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA    :    IN THE SUPERIOR COURT OF
   :    PENNSYLVANIA
   :
v.    :
   :
LESLIE R. MITCHELL,    :
   :
Appellant    :    No. 2988 EDA 2015

Appeal from the PCRA Order September 18, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0500051-2005

BEFORE: BENDER, P.J.E., DUBOW, J., and SOLANO, J.

MEMORANDUM BY DUBOW, J.:          **FILED MARCH 06, 2017**

Appellant, Leslie R. Mitchell, appeals *pro se* from the September 18, 2015 Order entered in the Court of Common Pleas of Philadelphia County dismissing his first Petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. After careful review, we affirm.

On October 12, 2004, Appellant shot and killed Michael Lambert outside a pool hall in Philadelphia. On November 6, 2006, a jury convicted Appellant of First-Degree Murder and related firearms offenses. On December 18, 2006, the trial court sentenced him to life imprisonment without the possibility of parole. This Court affirmed Appellant's Judgment of Sentence. **Commonwealth v. Mitchell**, 954 A.2d 39 (Pa. Super. 2008) (unpublished memorandum). Our Supreme Court denied allowance of

appeal on November 19, 2008. *Commonwealth v. Mitchell*, 960 A.2d 838 (Pa. 2008).

On August 24, 2009, Appellant filed the instant timely *pro se* PCRA Petition, his first. Appellant filed a *pro se* Amended PCRA Petition on July 19, 2011. The PCRA court appointed counsel on October 25, 2010, who filed an Amended PCRA Petition on October 26, 2012.

On May 12, 2014, the PCRA court conducted a hearing pursuant to *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998), permitted Appellant to represent himself *pro se*, and removed Appellant's court-appointed attorney. Appellant filed an "Amended Memorandum of Law" in support of his PCRA Petition on August 18, 2014.

After providing Notice to Appellant pursuant to Pa.R.Crim.P. 907, the PCRA court dismissed Appellant's Petition without a hearing on September 18, 2015.

Appellant filed a *pro se* timely Notice of Appeal. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant presents the following issues for our review:

1. Did the court of common pleas trial court commit [an] error of law, by not proving adequate notice of intent to seek imposition from prosecution, of the mandatory sentence of life without parole in the indictment of information under the applicable statutes, § 2501(a), § 9711, and § 9715[?]

2. Did the courts show error by not addressing Petitioner's confrontation clause violation[?]

3. Did the courts show error by not addressing, the Philadelphia District Attorney's Office supporting a pattern of erroneous testimony by expert Medical Examiner Ian C. Hood[?]

4. Did the courts show error by not addressing trial/appellant counsel failure to "object"/"preserve" Petitioner's confrontation violation claim[?]

5. Did the courts show error by not questioning the foremen juror/or entire jury, about possible prejudice arising from ex-parte communication with the Sheriff[?]

6. Did the courts of common pleas commit [an] error of law by applying an inapplicable statutes under § 2501(a)(d), § 2502(a)(d), § 9711(a), and § 9715(a), where it violated [] Defendant's 5th, 6th, and 14th Amendment[?]

Appellant's Brief at II-III (capitalization omitted).[1]

On February 3, 2017, Appellant filed a document entitled "Re: Untimely 1925(b); 1925(c)(3) Statement of Errors Complained of on Appeal: Motion of Leave Nunc Pro Tunc[.]"  The contents of this filing attempt to raise numerous additional claims as an untimely supplement to Appellant's Pa.R.A.P. 1925(b) Statement of Errors.  We deny Appellant's Motion.

We review the denial of a PCRA Petition to determine whether the record supports the PCRA court's findings and whether its order is otherwise free of legal error.  **Commonwealth v. Fears**, 86 A.3d 795, 803 (Pa. 2014).  This Court grants great deference to the findings of the PCRA court if

---

[1] Appellant presents numerous sub-issues via rambling arguments and claims that are waived for lack of development.  Pa.R.A.P. 2119; **Commonwealth v. Steele**, 961 A.2d 786, 797 (Pa. 2008) (finding claims waived for lack of development where petitioner failed to meaningfully discuss them, failed to set forth all prongs of ineffectiveness test, and relied on rambling arguments and boilerplate allegations).

they are supported by the record. ***Commonwealth v. Boyd***, 923 A.2d 513, 515 (Pa. Super. 2007). We give no such deference, however, to the court's legal conclusions. ***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa. Super. 2012).

To be eligible for relief pursuant to the PCRA, Appellant must establish, *inter alia*, that his conviction or sentence resulted from one or more of the enumerated errors or defects found in 42 Pa.C.S. § 9543(a)(2). Appellant must also establish that the issues raised in the PCRA petition have not been previously litigated or waived. 42 Pa.C.S. § 9543(a)(3). An allegation of error "is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal[,] or in a prior state postconviction proceeding." 42 Pa.C.S. § 9544(b).

There is no right to a PCRA hearing; a hearing is unnecessary where the PCRA court can determine from the record that there are no genuine issues of material fact. ***Commonwealth v. Jones***, 942 A.2d 903, 906 (Pa. Super. 2008).

Appellant first claims that he received inadequate notice of the Commonwealth's intent to seek a mandatory life sentence for his First-Degree Murder conviction. Appellant's Brief at 1-4. Appellant did not present this issue in his direct appeal or to the lower court. Instead, Appellant raises this issue for the first time on PCRA appeal. Accordingly,

Appellant has waived this issue. **See** 42 Pa.C.S. § 9544(b); Pa.R.A.P. 302; **Commonwealth v. Washington**, 927 A.2d 586, 601 (Pa. 2007).[2]

In his second issue, Appellant avers that the trial court erred in refusing to grant him relief on his confrontation challenges regarding the testimony of Medical Examiner Ian Hood.[3] Appellant's Brief at 5-6. Appellant did not present this issue in his direct appeal or to the lower court during trial by objecting to Dr. Hood's testimony. As the PCRA court correctly concluded, Appellant, thus, waived this substantive claim. **See** PCRA Court Opinion, 5/24/16, at 4; 42 Pa.C.S. § 9544(b); **Washington**, **supra**.

Appellant's third and fourth issues present trial counsel ineffectiveness claims. The law presumes counsel has rendered effective assistance. **Commonwealth v. Rivera**, 10 A.3d 1276, 1279 (Pa. Super. 2010). The burden of demonstrating ineffectiveness rests on Appellant. **Id**. To satisfy this burden, Appellant must plead and prove by a preponderance of the evidence that: "(1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and, (3) but for

---

[2] In any event, the mandatory sentence for first-degree murder is life imprisonment and the Commonwealth need not provide "notice of its intent to seek" a mandatory term. **See** 42 Pa.C.S. § 9711.

[3] Appellant argued that Dr. Gupta, not Dr. Hood, should have testified regarding the contents of the forensic report because he actually examined the victim and prepared the report.

counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceeding would have been different." ***Commonwealth v. Fulton***, 830 A.2d 567, 572 (Pa. 2003). Failure to satisfy any prong of the test will result in rejection of the appellant's ineffective assistance of counsel claim. ***Commonwealth v. Jones***, 811 A.2d 994, 1002 (Pa. 2002).

Appellant avers that Dr. Gupta should have testified rather than Dr. Hood, and this error violated his right to confront Dr. Gupta on cross-examination about the contents of the forensic report and the examination. Appellant now claims ineffective assistance of counsel for failing to object to Dr. Hood's testimony on this basis. Appellant also claims that his counsel was ineffective for failing to uncover evidence that Dr. Hood provided medical testimony in 1993 without a license to practice medicine.

The PCRA court rejected Appellant's third and fourth claims, concluding that they were both undeveloped because Appellant failed to provide any evidentiary or legal support for his contentions. PCRA Court Opinion at 8. We agree with the PCRA court's assessment and conclude that Appellant has not developed his conclusory statements to demonstrate that the issues underlying his ineffectiveness claims have merit. ***See Commonwealth v. Cook***, 952 A.2d 594, 616 (Pa. 2008) (rejecting similar claim regarding trial counsel's purported failure to effectively cross-examine a medical expert). Accordingly, the PCRA court properly rejected these claims.

In his fifth claim, Appellant avers that trial counsel was ineffective for failing to seek any remedy after a juror reported to the sheriff that she observed a spectator making eye contact with her and shaking his head at her during Appellant's testimony. Appellant's Brief at 14-16. Appellant argues that his trial counsel should have questioned the juror about her ability to be fair and impartial. *Id*.

> The PCRA court addressed Appellant's fifth issue as follows:

> Appellant alleges trial counsel was ineffective for not seeking any remedy following a juror's comment to a sheriff. Specifically, during Appellant's testimony one of the jurors noticed a spectator making eye contact with her and shaking his head to Appellant's answers. She reported it to a sheriff and said she was "creeped out." N.T. 11/3/06, 140-142. After being advised of the incident, Appellant's experienced counsel expressed at length his reasoning for not seeking to further question the juror or ask for any other type of relief. N.T. 11/3/06, 143-144.[4] Counsel clearly expressed a reasonable basis for acting as he did and therefore Appellant has no basis to complain under the PCRA.

PCRA Court Opinion at 5. We agree with the PCRA court's assessment and conclude that Appellant failed to demonstrate that the particular course of conduct pursued by counsel did not have some reasonable basis designed to

---

[4] Appellant's counsel believed it was a natural reaction when someone is testifying, did not believe "it was any effort on the part of anyone in the audience to influence the jury[]" since it occurred while the prosecutor cross-examined Appellant about the gun and how to shoot it, stated that the juror was seated at least 50 feet away from the spectator, and did not want to overreact, particularly when the trial court directed the sheriff to remove the spectator not only from the courtroom but also from the entire building. N.T. Trial, 11/3/06, at 138-146.

effectuate his interests as required. Accordingly, the PCRA court properly rejected Appellant's fifth claim.

In his sixth and final claim, Appellant challenges the legality of his sentence for the first time. Appellant argues that: (1) the trial court lacked statutory authorization to sentence him to life imprisonment without parole; (2) his sentence constitutes cruel and unusual punishment; and (3) he is entitled to relief pursuant to **Montgomery v. Louisiana**, 136 S.Ct. 718, 193 L.Ed.2d 599 (2016). Appellant's Brief at 16-21. We address these claims *seriatim*.

First, our statutes provide that "a person who has been convicted of a murder of the first degree … shall be sentenced to death or to a term of life imprisonment[.]" 18 Pa.C.S. § 1102.

Second, this Court has previously held that, "[a] mandatory life sentence, as established by the legislature, is clearly not cruel and unusual punishment for the crime of first-degree murder." **Commonwealth v. Waters**, 483 A.2d 855, 861 (Pa. Super. 1984).

Third, **Montgomery** does not entitle Appellant to any relief. The United States Supreme Court held in **Montgomery** that its decision in **Miller v. Alabama**, 132 S.Ct. 2455, 183 L. Ed. 2d 407 (2012), applies retroactively. **Miller** held that it is unconstitutional for state courts to impose an automatic life sentence without possibility of parole upon a homicide defendant for a murder committed while the defendant was a

juvenile. Appellant was not a juvenile when he murdered Michael Lambert on October 12, 2004. Thus, **Montgomery** is inapplicable to Appellant. Appellant's sixth claim is meritless.

The record supports the PCRA court's findings and its Order is otherwise free of legal error. Accordingly, we affirm.

Order affirmed. Motion denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/6/2017